THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BAUTISTA CAYMAN ASSET COMPANY,**

    **Plaintiff,**

    **v.**

**ROBERTO A. MAESO-ENSENAT,** *et al.,*

    **Defendant.**

Civil No. 16-2182 (ADC)

## OPINION AND ORDER

On June 24, 2016, plaintiff Bautista Cayman Asset Company ("BCAC") filed a complaint for the collection of monies and foreclosure of a mortgage against Roberto A. Maeso-Eneñat, Dynah M. Martinó-Santini, and their conjugal partnership (collectively, "defendants"). **ECF No. 1**. The complaint alleges that, on April 17, 2006, Doral Bank and defendants executed a loan agreement, which they guaranteed with a mortgage note. The complaint further alleges that, as owner and holder of the mortgage note, BCAC is successor-in-interest to Doral Bank and requests that the Court order the immediate payment of the sums defendants' owe, and, if necessary, the foreclosure of the mortgage.

Defendants move the Court to enforce the loan agreement's forum selection clause and dismiss the complaint. **ECF No. 18**. Defendants contend that the loan agreement's forum selection clause establishes that the General Court of Justice of Puerto Rico has exclusive

jurisdiction over any claims that arise from the loan agreement. Thus, defendants claim that the terms of the loan agreement require plaintiff BCAC, as successor-in-interest to Doral Bank, to file any claims against defendants before the Commonwealth courts.

Plaintiff opposes the motion to dismiss and argues that the forum selection clause is permissive, not mandatory. **ECF No. 22**. Accordingly, plaintiff argues that the forum selection clause within the loan agreement does not disqualify the Federal District Court for the District of Puerto Rico as a proper forum.

I.      **Legal Standard**

Although both parties frame their arguments under Federal Rule of Civil Procedure 12(b)(3), the Court treats "a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." *Claudio-De León v. Sistema Universitario Ana G. Méndez*, 775 F.3d 41, 46 (1st Cir. 2014) (quoting *Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009)). Thus, when ruling on a motion to dismiss based on a forum selection clause, a court may "consider only facts and documents that are part of or incorporated into the complaint." *Rivera*, 575 F.3d at 15 (quoting *Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). Incorporated documents include "documents the authenticity of which are not disputed by the parties," "documents central to plaintiffs' claim," and "documents sufficiently referred to in the complaint." *Claudio-De León*, 775 F.3d at 46 (quoting *Rivera*, 575 F.3d at 15). Because the loan agreement attached to the

complaint falls under each of these categories, the Court will consider it in ruling on defendants' motion to dismiss.

## II.  Discussion

Defendants' motion to dismiss hinges on a single issue: whether the loan agreement's forum selection clause is mandatory or permissive. Although the Court sits in diversity and Puerto Rico law governs the interpretation of the contract at issue, "there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum selection clauses." *Rivera*, 575 F.3d at 16-17 (quoting *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387 n.1 (1st Cir. 2001) (noting that the Puerto Rico Supreme Court has adopted federal jurisprudence regarding the general enforceability of forum selection clauses)). Thus, federal common law guides the Court's analysis.

In interpreting a forum selection clause, "the threshold question . . . is whether the clause at issue is permissive or mandatory." *Id.* at 17. "Permissive forum selection clauses, often described as 'consent to jurisdiction' clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere . . . In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." *Id.* (quoting 14D Wright & Miller, Federal Practice and Procedure § 3803.1 (3d ed. 1998)); *see also Claudio-De León*, 775 F.3d at 46. There is a difference between conferring jurisdiction "expressly" and "exclusively." *Redondo Const. Corp. v. Banco Exterior de*

*España, S.A.*, 11 F.3d 3, 6 (1st Cir. 1993). Moreover, "[a]ffirmatively conferring . . . jurisdiction by consent does not negatively exclude any other proper jurisdiction." *Id.*

In this case, the forum selection clause establishes that:

> In case of any litigation arising in relation to this contract, to the Loan or the other documents related to it, the parties submit themselves to the jurisdiction of the General Court of Justice of Puerto Rico.

**ECF No. 21-1** at 26.

The First Circuit Court of Appeals has interpreted similarly worded clauses as "an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction in other courts." *Autoridad de Energía Eléctrica de Puerto Rico v. Ericsson Inc.*, 201 F.3d 15, 19 (1st Cir. 2000) (holding that a forum selection clause providing that "[t]his contract will be governed and interpreted pursuant to the Laws of the Commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico" did not prohibit litigation in this Court); *see also Redondo*, 11 F.3d at 5 (holding that a forum selection clause providing that "each [party] hereby expressly submits to the jurisdiction of all Federal and State Courts located in the State of Florida" was not mandatory, and this Court was a proper forum).

Defendants argue that because the original parties to the contract—defendants and Doral Bank—are both residents of Puerto Rico, the forum selection clause would be superfluous if it did not confer exclusive jurisdiction on the Commonwealth courts. Indeed, in *Rivera,* the First

Circuit held that a clause providing that "[i]n the event that by act or omission I consider that physical, emotional or economic damages have been caused to me, I expressly agree to submit to the Jurisdiction of the [Commonwealth courts], for any possible claim[]" required plaintiff to assert any causes of action against a hospital in the Commonwealth courts. *Rivera*, 575 F.3d at 18. The First Circuit distinguished the language in *Rivera* from the similar language in *Redondo* and *Ericsson* because, in *Rivera*, the introductory clause compelled only the plaintiff to file his complaint in Commonwealth courts. *Id.* Meanwhile, in *Redondo* and *Ericsson*, "the signatories consented to the exercise of jurisdiction over themselves as defendants in order to avoid the personal jurisdiction analysis that would otherwise be required for out-of-state defendants." *Id.*

In this case, the forum selection clause is more similar to those in *Redondo* and *Ericsson*. Although it does contain a qualifying introductory clause, the clause applies to both parties in equal measure. The language does not require either party to assert claims in the Commonwealth courts. Instead, it allows the parties "to avoid the personal jurisdiction analysis that would otherwise be required for out-of-state defendants." *Rivera*, 575 F.3d at 18. It also lacks mandatory language, such as "shall" or "must". *See Claudio-De León*, 775 F.3d at 45 (interpreting a clause that provided that "[a]ny dispute which arises between the parties and which cannot be resolved or surmounted by constructive negotiations conducted in good faith between the parties shall be submitted to the jurisdiction and competence of the Court of First Instance of

the Commonwealth of Puerto Rico, San Juan Part, for adjudication and resolution" as mandatory).

Furthermore, the loan agreement allows the creditor to transfer the mortgage note without notifying the debtor. **ECF No. 21-1** at 25.[1] Doral Bank had an interest in assuring that any successor in interest would avoid "the personal jurisdiction analysis that would otherwise be required for out-of-state defendants." *Rivera*, 575 F.3d at 18. Finally, another Judge of this Court has interpreted identical language in a loan agreement as a permissive forum selection clause. *See Bautista Cayman Asset Company v. The Ferrer Group, Inc.*, Civ. No. 15-2277 (GAG), 2016 WL 1642630, at *4 (D.P.R. Apr. 25, 2016). Thus, the forum selection clause at issue is permissive, not mandatory, and the Court is a proper venue for plaintiff's claims.

Finally, in their reply to plaintiff's opposition to the motion to dismiss, **ECF No.** 33, defendants argue—for the first time—that the loan agreement is a contract of adhesion that the Court must interpret in their favor, as the non-drafting party. However, "[i]f the wording of the contract is explicit and its language is clear, its terms and conditions are binding on the parties."

---

[1] The loan agreement provides that:
> This contract may not be assigned by Debtor without the prior consent in writing by Doral and Doral would not have any objection of giving said consent. On the other hand, Doral may freely assigned [sic] this contract to any person or entity and Doral may freely sell the Loan and/or one or more participations in the same to any entity. Subject to the above said, this contract shall become effect [sic] among the parties and its heirs, successors, principals and assignees.

**ECF No. 21-1** at 25.

*Rivera*, 575 F.3d at 19 (citing *Nieves v. Intercontinental Life Ins. Co. of P.R.*, 964 F.2d 60, 63 (1st Cir. 1992)).

Here, the forum selection clause is not ambiguous. The clause is permissive, and whether or not the loan agreement is a contract of adhesion is, at this stage, irrelevant. *See id.* Furthermore, "[i]t is well established that forum selection clauses 'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" *Id.* at 18 (internal quotations omitted) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). Defendants have not argued that the forum selection clause is unreasonable.

### III. Conclusion

The forum selection clause at issue is permissive, not mandatory. Accordingly, the complaint is properly before the Court, and the Court **DENIES** defendants' motion to dismiss, **ECF No. 18**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of March, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**